The Chief Justice

delivered the Opinion of the Court.
If, as found by the jury and adjudged by the Court, the plaintiffs in error were guilty of keeping (jointly) a tippling house, they have certainly no right to ask a reversal of the joint judgment against them, for only sixty dollars, for which each of them was separately liable.
But it seems to us that the Circuit Judge erred in peremptorily instructing the jury, that the license to John. Gray to keep a tavern in his “brick house,” did not apply to the framed room adjoining it (and in which spirits were retailed,) unless that room and the brick house were connected by a common door,
*301 The wooden room may have been, in fact as well as design, an integral portion of the dwelling described as "the brick house.” And if it were so considered and used, in good faith, and John Gray appropriated it as the retailing room of -his tavern, and he and Isaac Gray were partners — then undoubtedly neither of them was guilty, as charged, of keeping a tippling house without license to keep a tavern. Wherefore, though the license could not be perverted so as to cover a drinking room, such as is commonly called a “grocery,” yet, if the wooden room in question had been used in good faith, as the "bar room” of the tavern, the instruction was wrong.
Wherefore, as there was some evidence on this point, the effect of which the jury had, in our judgment, a right to consider and decide upon — the judgment must be reversed, and the cause be remanded.