*G. M. Thomas, for appellant.*

———, *for appellee.*

———

JOHN & WM. PUGH *v.* COMMONWEALTH.

**Intoxicating Liquors—Place of Drinking.**

Although persons who purchased whisky of defendant may have had the legal right to drink it where they pleased, such defendant had no power to authorize them to drink it, nor to consent that they should drink it, in the public highway adjacent to his premises.

APPEAL FROM HARRISON CIRCUIT COURT.

June 4, 1873.

OPINION BY JUDGE LINDSAY:

The indictment charges that the two appellants kept a tippling house. The proof shows that they were merchants, doing business together or in partnership.

Two or more persons may jointly keep a tippling house, and upon conviction, they are each liable for the penalty imposed by law, just as each joint offender is liable for the commission of any other character of offense. *Caldwell v. Commonwealth,* 7 Dana 229; *Gray, etc., v. Commonwealth,* 9 Dana 300.

Instructions Nos. 1 and 2 seem to be free from objection, and instruction No. 3, when considered in connection with No. 1, was

not calculated to mislead the jury. Obviously those who purchased the whisky may have had the legal right to drink it where they pleased, but appellants had no power to authorize them to drink it, nor to consent that they should drink it in the public highway adjacent to their premises.

The answer of the court embodied in the 3d instruction imparted this information to the jury; it is not to be presumed that they, in considering this instruction, disregarded the law in instruction No. 1.

Judgment *affirmed*.

*A. H. Ward, for appellant.*